UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MANUEL RODRIGUEZ NARANJO,<br><br>Defendant. | Case No. 20-cr-00458-BLF-9 |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MANUEL RODRIGUEZ NARANJO,<br><br>Defendant. | Case No. 20-cr-00460-BLF-2<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE** |

Before the Court is a *pro se* motion filed by Defendant Jose Manuel Rodriguez Naranjo in both of the above-captioned cases, seeking a reduction in sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 821 to the United States Sentencing Guidelines ("Guidelines"). The Court finds the motion suitable for decision without oral argument. The motion is DENIED for the reasons discussed below.

**I.  BACKGROUND**

*Conviction and Sentencing*

Defendant was charged with various drug crimes in two cases – *United States of America v. Naranjo*, 20-cr-00458-BLF, and *United States of America v. Naranjo*, 20-cr-00460-BLF. In Case No. 20-cr-00458-BLF, he pled guilty to Count One of the Second Superseding Indictment

1  (Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, Heroin,

2  Cocaine, and Marijuana), and in Case No. 20-cr-00460-BLF, he pled guilty to the sole count of the

3  Indictment (Possession with Intent to Distribute and Distribution of Methamphetamine).  The

4  Court sentenced Defendant to a prison term of 84 months in each case, to run concurrently,

5  followed by a supervised release term of 3 years in each case, also to run concurrently.  The Court

6  entered judgment in both cases on September 5, 2023.

*Amendment 821*

Amendment 821 of the Guidelines became effective on November 1, 2023.  *See United States v. Cruz*, No. 22-CR-00389-RS-1, 2024 WL 1607039, at *1 (N.D. Cal. Apr. 11, 2024).  Part A of Amendment 821 relates to calculation of a defendant's criminal history category.  *See id.* at *2.  Prior to amendment, the Guidelines provided for the addition of 2 "status points" where the defendant committed the offense while under any criminal justice sentence.  *See id.*  Part A of Amendment 821 changed the Guidelines "such that now, just one status point is added where a defendant otherwise has seven or more criminal history points, and no points are added where a defendant has fewer than seven points."  *Id*. (citing U.S.S.G. § 4A1.1(e) (Nov. 1, 2023)).

Part B of Amendment 821 added a new provision to the Guidelines permitting a 2-level reduction in offense level for offenders who did not have any criminal history points at the time of the offense and who meet certain other criteria.  *See Cruz*, 2024 WL 1607039, at *2 (citing U.S.S.G. § 4C1.1(a)(1) (Nov. 1, 2023)).

*Defendant's Motion for a Reduction in Sentence*

On January 12, 2024, Defendant filed the same *pro se* letter request in both cases, seeking a reduction in sentence under § 3582(c)(2) and Amendment 821, as well as appointment of counsel.  The Court referred the matter to the Federal Public Defender's Office for a determination whether that office would assume representation of Defendant in connection with his motion for a reduction in sentence.  The Federal Public Defender declined to assume representation of Defendant.  The Court thereafter issued an order denying the request for appointment of counsel and setting a deadline of February 22, 2024 for Defendant to file a substantive motion for a sentence reduction either through retained counsel or *pro se*.

2

1  Defendant did not file a motion within the time provided.  The Court issued an order
2  construing his original letter request as a motion for a reduction in sentence and setting a briefing
3  schedule for the United States Probation Office ("Probation") to prepare a Sentence Reduction
4  Investigation Report ("SRIR"), for the Government to file a response to Defendant's motion, and
5  for Defendant to file an optional reply.  Probation timely prepared the SRIR and the Government
6  timely filed opposition to the motion.  Defendant did not file a reply and the time to do so has
7  elapsed.

## II. LEGAL STANDARD

"[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Guidelines expressly provide for retroactive application of Amendment 821 with respect to both Part A, relating to the addition of status points in calculating a defendant's criminal history category, and Part B, permitting a 2-level reduction in offense level for certain zero-point offenders. *See* U.S.S.G. § 1B1.10(a)(1), (d).  However, a reduction in sentence may be based on Amendment 821 *only* if it is applicable to the defendant and it has the effect of lowering the defendant's Guidelines range. *See* U.S.S.G. § 1B1.10(a)(2)(A), (B).

## III. DISCUSSION

The Government asserts that neither Part A nor Part B of Amendment 821 applies to Defendant, and therefore that Defendant is not entitled to a reduction in sentence pursuant to Amendment 821.  Probation takes the same position in the SRIR it has prepared.

Part A of Amendment 821 changed the manner in which status points are used in the calculation of a defendant's criminal history category. *See Cruz*, 2024 WL 1607039, at *2. Previously, the Guidelines provided for the addition of 2 status points where the defendant committed the offense while under any criminal justice sentence. *See id.*  As amended by Part A of Amendment 821, the Guidelines now provide that only 1 status point is added where the

3

defendant committed the offense while under a criminal justice sentence, and only where the defendant has 7 or more criminal history points; no status points are added where the defendant has fewer than 7 criminal history points. *See id.* (citing U.S.S.G. § 4A1.1(e) (Nov. 1, 2023)). Defendant in the present case did not receive any status points when his criminal history category was calculated for sentencing. *See* PSR ¶¶ 52-58. Accordingly, Part A of Amendment 821 is not applicable to Defendant.

Part B of Amendment 821 added a new provision to the Guidelines permitting a 2-level reduction in offense level for offenders who did not have any criminal history points at the time of the offense and who meet certain other criteria. *See Cruz*, 2024 WL 1607039, at *2 (citing U.S.S.G. § 4C1.1(a)(1) (Nov. 1, 2023)). Defendant in the present case had 2 criminal history points at the time of the offenses. *See* PSR ¶¶ 52-58. Because Defendant was not a zero-point offender, Part B of Amendment 821 is not applicable to him.

Accordingly, Defendant's motion for a reduction in sentence based on Amendment 821 is DENIED.

## IV. ORDER

(1) Defendant's motion for a reduction in sentence is DENIED.

(2) This order terminates ECF 422 in Case No. 20-cr-00458 and terminates ECF 78 in Case No. 20-cr-00460.

Dated: May 21, 2024

BETH LABSON FREEMAN
United States District Judge

4